## State v. Brown
*[Cite as 2 AOA 336]*

*Case No. 87 CA 145*
*Mahoning County, (7th)*
*Decided March 26, 1990*

*6th Amend. U.S. Const.*

*For Plaintiff-Appellee: Maureen A. Cronin, City Prosecutor, City Hall, Youngstown, Ohio 44503.*

*For Defendant-Appellant: Mary Jane Stephens, Esq., 7330 Market St., P. O. Box 3167, Youngstown, Ohio 44512.*

COX, J.

This matter presents a timely appeal from a decision of the Youngstown Municipal Court finding defendant-appellant, Theresa Brown, guilty of resisting arrest C.O. 525.09(A) and assault C.O. 537.03(A).

On June 23, 1987, Youngstown Police Officers Carl Davis and Rodney Lewis were dispatched to 104 W. Florida Ave. to investigate the scene of an alleged robbery. Upon their arrival, the officers encountered Minnie Bivins, who alleged she had been threatened and robbed at gunpoint by appellant. Ms. Bivins led the officers to 34 W. Philadelphia Ave. where they located appellant. When the officers attempted to question appellant, she became abusive, would not let the officers look into her automobile and eventually assaulted officer Lewis by grabbing him by his testicles. Officer Lewis had to use force necessary to arrest and handcuff appellant, who continued her unruly conduct even after being arrested.

As a result of the officers' investigation, appellant was charged with aggravated robbery, assault, disorderly conduct, resisting arrest, three counts of aggravated menacing and drug abuse, since the officers discovered appellant had in her possession prescription drugs prescribed in someone else's name. Appellant

was arraigned on June 24, 1987, and was tried on the misdemeanors on August 20, 1987. At the conclusion of trial, appellant was found not guilty of disorderly conduct, guilty of resisting arrest, fined $25.00 and costs, guilty of assault, fined $50.00 and costs and sentenced to thirty days in jail.

The trial court dismissed the charges of aggravated robbery and drug abuse against appellant. At the conclusion of the trial, the trial court judge found appellant's trial counsel, Lawrence v. Cregan, to be in contempt of court and sentenced him to five days in jail.

Appellant's sole assignment of error states as follows:

"Defendant-appellant was deprived of effective assistance of counse (sic) and that deprivation was prejudicial to her rights."

This court has recently discussed the standard to be met in order to display ineffective assistance of trial counsel in *State* v. *Gibson*, (C.A. 7, 1989) Case No. 88 C.A. 136, unreported and *State* v. *Bellish* (C.A. 7, 1989), Case No. 87 C.A. 78, unreported, wherein this court reiterated the holding of the U.S. Supreme Court in *Strickland* v. *Washington* (1984), 466 U.S. 668, 687 which developed the following two-prong test:

"* * * First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.

Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable * * *." (See also; *State* v. *Lytle* (1976) 48 Ohio St. 2d 391).

Appellant contends the representation she received in the instant case from Atty. Cregan was the equivalent of no assistance at all and her counsel's "antics" during trial could not guarantee appellant a fair trial. Appellant argues her trial counsel's actions caused a great deal of confusion due to his repeated objections to nearly every question the prosecutor asked of its witnesses, counsel's arguing with the prosecutor and his recurring side comments which threatened or accused the witnesses and completely distracted from the proceedings. Additionally, appellant asserts her trial counsel made a mockery of the entire trial because of the following actions which took place during the trial:

1. Counsel objected to the prosecutor's opening statement as hearsay;

2. Counsel repeatedly interrupted the examination of the State's witnesses asking them and the trial judge irrelevant questions, (Tr. 36, 76, 82, etc.);

3. Counsel threatened to have officer Lewis tried for perjury by the Cleveland Strike Force because of his testimony, (Tr.56-57);

4. Counsel repeatedly commented on the prosecutor's competency as an attorney (Tr. 71, 77);

5. Counsel commented on the beauty of one of State's witnesses instead of cross examining her (Tr. 140);

6. Counsel made ethnic comments about one witness and claimed he was psychic and could tell the witness was lying (Tr. 164);

7. Counsel was found to be in contempt of court when he threatened the trial judge as follows:

"MR. CREGAN: Well, if you want to meet me downstairs – if you want to repeat this downstairs, I'll accommodate you." (Tr. 255).

Additionally, appellant contends her trial counsel was ineffective in that Atty. Cregan did not effectively cross examine the State's witnesses, but merely attacked their character instead of testing their credibility or the sufficiency and truth of the evidence they were presenting. Based upon all these factors, appellant argues the trial court judge should have terminated appellant's trial and appointed appellant new counsel based on the U.S. Supreme Court's holding in *McMann* v. *Richardson* (1970) 397 U.S. 759, 771 which held:

"* * * if the right to counsel guaranteed by the Constitution is to serve its purpose, defendants cannot be left to the mercies of incompetent counsel, and that judges should strive to maintain proper standards of performance by attorneys who are representing defendants in criminal cases in their courts."

A thorough reading of the transcript of proceedings indicates the actions of appellant's trial counsel were outrageous to the point of fulfilling the criteria set forth in both prongs of the *Strickland, supra* test.

Appellant's assignment of error is found to be with merit.

The judgment of the trial court is reversed and this cause is remanded for further proceedings according to law and not inconsistent with this court's opinion.

*Judgment reversed and cause remanded.*

O'NEILL, P.J., Concurs.
DONOFRIO, J., Concurs.